# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CR 222-026-47 |
| ) | |
| JIMMY A. REYNOLDS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Jimmy Reynolds's motion for time-served credit.  Dkt. No. 2802.  Defendant alleges he should be given credit to his federal prison term for time served in rehab while he was on bond.  See id.

## LEGAL AUTHORITY

Pursuant to 18 U.S.C. § 3585(b), a defendant shall receive credit toward a custodial term for any time spent in official detention prior to the date the sentence commenced "that has not been credited against another sentence."

## DISCUSSION

The Court finds that Defendant's motion to the Court is premature.  "The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the [Bureau of Prisons], as opposed to district courts."  United States v. Roberson, 746 F. App'x 883, 885 (11th

Cir. 2018) (citing <u>United States v. Wilson</u>, 503 U.S. 329, 330, 333 (1992) (construing 18 U.S.C. § 3585(b))). In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." <u>Id.</u> (quoting <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1345 (11th Cir. 2000) (quotation marks omitted)). Federal regulations afford prisoners administrative review of the computation of their credits. <u>See</u> 28 C.F.R. §§ 542.10-542.19.

Because the Bureau of Prisons has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." <u>Id.</u> (quoting <u>United States v. Williams</u>, 425 F.3d 987, 990 (11th Cir. 2005)). Only "after the exhaustion of administrative remedies" may a claim for credit of time served be brought under 28 U.S.C. § 2241. <u>Id.</u> (quoting <u>Nyhuis</u>, 211 F.3d at 1345). Here, Defendant's filing does not show that he has exhausted his administrative remedies by requesting credit and/or clarification from the Bureau of Prisons. Defendant's motion is, therefore, **DISMISSED**.

## CONCLUSION

Defendant's motion for time-served credit, dkt. no. 2802, is **DISMISSED** for failure to exhaust his administrative remedies with the Bureau of Prisons.

**SO ORDERED**, this 28 day of January, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA